UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDIA CASTILLO CORDOVA and | § | |
| ARIANNIS PARRA, | § | CIVIL ACTION NO. _____ |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| DUNCAN BURCH, INC., d/b/a | § | |
| MICHAEL'S INTERNATIONAL, and also as | § | |
| CHICAS LOCAS, a Texas corporation; | § | |
| BURCH MANAGEMENT CO., INC., | § | |
| a Texas corporation; | § | |
| DUNCAN BURCH, an individual; and | § | |
| DOES 1-5, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

1.     This case arises out of a longstanding policy of knowingly misclassifying employees as independent contractors by the Defendants named herein.

2.     The named Defendants respectively and/or jointly own, operate and/or manage one or more adult entertainment clubs in Houston, and required the named plaintiffs to work as entertainers at this club in excess of forty (40) hours per week – work for which defendants refused to compensate the plaintiffs at the applicable federal minimum wage and overtime rate. Defendants also unlawfully withheld and/or misappropriated the tips the plaintiffs lawfully earned while working at the defendants' club.

3.     Put simply, Defendants refused to properly compensate the plaintiffs for the hours they worked in accordance with the Fair Labor Standards Act ("FLSA").

4. Plaintiffs' only compensation was in the form of tips from club patrons, and Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates FLSA's minimum wage provision, as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

6. Defendants' conduct also violates the FLSA, which requires non-exempt employees, like the named plaintiffs, to be compensated for their overtime work at a rate of one-and-one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

7. Plaintiffs bring a collective action under FLSA Section 216(b) to recover the unpaid wages owed to them and all other similarly situated employees, current and former, of the named defendants who worked any time(s) during the three-year period before filing a collective action class opt-in form. This group shall comprise the "Collective Class Members," and should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in the Southern District of Texas, Houston Division because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' are located in this District. Plaintiffs worked at defendants' club, located in Houston, over extended periods of time.

## PARTIES AND PERSONAL JURISDICTION

10.     Plaintiff Claudia Castillo Cordova ("Plaintiff Cordova") is an individual residing in Harris County, Texas. Plaintiff Cordova's written consent to join this action is attached here as **Exhibit 1**. Plaintiff Cordova is a Cuban national who has immigrated to the United States. She is currently authorized to work in the United States and has applied for permanent resident status.

11.     Plaintiff Ariannas Parra ("Plaintiff Parra," and together with Plaintiff Cordova, are collectively referred to as "Plaintiffs") is an individual residing in Harris County, Texas. Plaintiff Parra's written consent to join this action is attached here as **Exhibit 2**. Plaintiff Parra is a Cuban national who has immigrated to the United States. She is currently authorized to work in the United States and has applied for permanent resident status.

12.     The Collective Class Members are all of Defendants' current and former adult entertainers (i.e., exotic dancers) who worked at Michael's International and/or Chicas Locas at any time(s) during the three years before the date the Court approves the plaintiffs' collective action class notice, who are owed wages, tips, overtime payments, and/or other compensation unlawfully withheld and/or misappropriated by one or more Defendants in violation of the FLSA. Defendants club at any time during the period beginning three years before the Court approves the plaintiffs' collective action class notice.[1] Many (if not most) of the Collective Class Members are Cuban nationals who have immigrated to the United States. Upon information and belief, they are authorized to work in the United States and have applied for permanent resident status.

13.     Duncan Burch, Inc., d/b/a Michael's International and also as Chicas Locas ("Michael's") is a Texas corporation and has been and is now doing business in the State of Texas

---

[1] *See Diaz v. Applied Mach. Corp.*, No. CV H-15-1282, 2016 WL 3568087, at *10 (S.D. Tex. June 24, 2016)

and the City of Houston. Michael's may be served by serving its registered agent for service of process, Charles J. Quaid, 8150 North Central Expressway, Suite 600, Dallas, Texas 75206. This Court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

14. Defendant Burch Management Co., Inc. ("BM") is a Texas corporation and has been and is now doing business in the State of Texas and the City of Houston. BM may be served by serving its registered agent for service of process, Charles J. Quaid, 8150 North Central Expressway, Suite 600, Dallas, Texas 75206. This Court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

15. Upon information and belief, Defendant Duncan Burch ("Burch") is an individual residing in Dallas County, Texas. Burch serves as the President and CEO of Defendant Burch and Defendant BM (Burch, Michael's and BM are collectively referred to as "Defendants"). Burch may be served by served in his individual capacity wherever he may be located. This Court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

16. As will be shown in the course of discovery in this case, Does 1-5 comprise other owners of the corporate defendants named herein, other owners of Michael's, additional exotic dance club owners and/or managers who employed Collective Class Members during the class period whom Plaintiffs will more specifically identify and serve as discovery continues.

## FLSA COVERAGE

17. At all material times, each Defendant has been an "employer" within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, each Defendant has been an "enterprise" within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all material times, each Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA, because they have had employees engaged in commerce. *See* 29 U.S.C. § 203(s)(1).

20. Specifically, Defendants' employees have sold goods — such as alcoholic beverages and a variety of foods — that have been moved or produced in interstate commerce to Defendants' patrons. Additionally, Defendants' employees have handled materials, including food and drinks, that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations. *See* 29 U.S.C. § 203(s)(1)(A)(i).

21. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard. *See* 29 U.S.C. § 203(s)(1)(A)(ii).

22. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

23. Defendants controlled virtually every aspect of Plaintiffs' employment, as well as the employment of the Collective Class Members, including the nature of their work, their pay structure (or lack thereof), and their employment relationship with the Plaintiffs and the Collective Class Members.

24. Defendants had, at all times relevant to this lawsuit, the authority to hire and fire employees (including the named Plaintiffs and the Collective Class Members they represent), the authority to direct and supervise the work of employees (including the Plaintiffs and Collective Class Members), the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee hiring and firing, employee compensation, and capital expenditures.

25. Defendants were also responsible for the day-to-day affairs of the clubs. In particular, they were responsible for determining whether the club complied with the FLSA.

26. As such, pursuant to 29 U.S.C. § 203(d), Defendants acted directly or indirectly in the interest of Plaintiffs' and the Collective Class Members' employment as employers, which makes these Defendants individually liable under the FLSA.

27. Moreover, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.*, 23 F.3d 110, 113 (5th Cir. 1994).

## FACTS

28. Plaintiffs and the Collective Class Members have all been victimized by Defendants' policies, practices, and plans to violate their rights under the FLSA by depriving them of a minimum wage, proper overtime pay, and the tips they lawfully earned.

29. Defendants own, operate, and/or manage a Houston-based adult entertainment club that has operated under at least two business names, Michael's International and Chicas Locas, which is located at 6440 Southwest Freeway, Houston, Texas 77074 (referred to herein as the "Club").

30. Defendants employ adult entertainers (i.e., exotic dancers) at the Club.

31. Defendants have (and have had) the authority to hire and fire employees, including Plaintiffs and the Collective Class Members, and the authority to direct and supervise the work of employees, including the Plaintiffs and Collective Class Members.

32.     Defendants have a policy and practice of misclassifying their adult entertainer employees, including Plaintiffs and the Collective Class Members, as independent contractors at the Club.

33.     Before Plaintiff Cordova was hired by Defendants she was required to pay a fee and was forced to sign a contract before she could start working at the Club.  The contract was written in the English language.  Plaintiff Cordova speaks very little English and was not provided a translation of the contract before or after she signed it.  Plaintiff Cordova has requested a copy of the contract, but Defendants' refused to provide one to her.

34.     Plaintiff Cordova was hired by Defendants as an adult entertainer (i.e., exotic dancer) at the Club.

35.     Plaintiff Cordova worked on a regular basis for the Defendants at the Club.

36.     Specifically, from  approximately October 2015 until February 2016, Plaintiff Cordova was employed as an adult entertainer at the Club.

37.     Plaintiff Cordova typically worked fifty-seven (57) hours per week as an exotic dancer and would most often work the evening shift at the Club from 5:00 p.m. to 2:30 a.m.  On average, Plaintiff Cordova worked six days per week.

38.     Plaintiff Cordova has first-hand  personal  knowledge  of the Club's FLSA pay violations alleged in this complaint.

39.     Before Plaintiff Parra was hired by Defendants she was required to pay a fee and was forced to sign a contract before she could start working at the Club.   The contract was written in the English language.  Plaintiff Parra speaks very little English and was not provided a translation of the contract before or after she signed it.  Plaintiff Parra requested a copy of the contract, but Defendants' refused to provide one to her.

40.    Plaintiff Parra was hired by Defendants as an adult entertainer (i.e., exotic dancer) at the Club.

41.    Plaintiff Parra worked on a regular basis for the Defendants at the Club.

42.    Specifically, from approximately December 2015 until February 2016, Plaintiff Parra was employed as an adult entertainer at the Club.

43.    Plaintiff Parra typically worked fifty-seven (57) hours per week as an exotic dancer and would most often work the evening shift at the Club from 5:00 p.m. to 2:30 a.m. On average, Plaintiff Parra worked six days per week.

44.    Plaintiff Parra has first-hand personal knowledge of the Club's FLSA pay violations alleged in this complaint.

45.    Plaintiffs, as exotic entertainers, are compensated exclusively through tips from Defendants' customers at the Club. The same is true for the Collective Class Members.

46.    Despite being Defendants' employees protected by the FLSA, Defendants did not pay Plaintiffs any compensation at all – and certainly no minimum wage – for any of the hours they worked at the Club. The same is true for the Collective Class Members.

47.    Despite being Defendants' employees protected by the FLSA, Defendants did not pay Plaintiffs any compensation at all – and certainly no overtime wages – for any of the hours they worked at the Club in excess of 40 hours per week. The same is true for the Collective Class Members.

48.    Despite being Defendants' employees protected by the FLSA, Defendants also unlawfully withheld and/or misappropriated the tips Plaintiffs earned at the Club by at least the following: (1) forcing the Plaintiffs to share their tips with Defendants' non-tip eligible employees, including disc jockeys and floor managers; and (2) imposing absurd and draconian

"fines" on the Plaintiffs in order to take money they lawfully earned. The same is true for the Collective Class Members.

49.     As alleged above, Defendants controlled virtually every aspect of Plaintiffs' employment, as well as the employment of the Collective Class Members. For example, the Defendants, by and through the Club's management:

     (a)     required the Plaintiffs and the Collective Class Members to pay a fee to begin working at the Club;

     (b)     forced the Plaintiffs and the Collective Class Members to execute a contract and refused to provide copies of it when requested;

     (c)     enforced a strict dress code and required that the Plaintiffs' and the Collective Class Members' attire be approved by management;

     (d)     unilaterally scheduled Plaintiffs' and the Collective Class Members' shifts and working hours;

     (e)     dictated that Plaintiffs and the Collective Class Members arrive early for their shifts and when they could leave;

     (f)     required that Plaintiffs' and the Collective Class Members' dances be approved by management;

     (g)     instructed Plaintiffs' and the Collective Class Members' to charge a minimum fee for dances;

     (h)     controlled what music could be played while Plaintiffs and the Collective Class Members performed on stage;

(i)     required Plaintiffs and the Collective Class Members to mingle with customers, as well as other limitations on how to interact with the Club's customers; and

(k)     prohibited the Plaintiffs' and the Collective Class Members' use of cell phones.

50.     If Plaintiffs and the Collective Class Members did not abide by the aforementioned rules imposed by Defendants, they were fined by Defendants. In addition to these fines, each of the Plaintiffs and the Collective Class Members were required to pay and/or fined by the Defendants, by and through the Club's management, for the following policies and infractions:

(a)     an in-house fee for each shift Plaintiffs and the Collective Class Members worked;

(b)     a fee if Plaintiffs and the Collective Class Members left the Club early while on shift – even if they were ill;

(c)     a fee for not working a scheduled shift, in addition to the in-house fee for that shift;

(d)     a fee even if Plaintiffs and the Collective Class Members did not work a scheduled shift because there were too few customers in the Club;

(e)     a fee if Plaintiffs and the Collective Class Members did not perform on the stage, or a "stay off the stage fee";

(f)     a fee for showing up late for a shift, and then separate fees for each thirty-minute interval Plaintiffs and the Collective Class Members were late after the beginning of the shift;

(g)     a fee for unapproved attire; and, unbelievably,

(h)     a fee for chewing gum during a shift.

51.     For each shift they worked, Defendants also required each of the Plaintiffs, and the Collective Class Members, to share their tips with Defendants' employees who do not customarily and regularly receive tips; namely, the Club's disc jockeys and floor managers.

52.     Defendants illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendants as that term is defined by the FLSA and relevant case law.

53.     For example, and in addition to the foregoing allegations, Defendants controlled the details of the Plaintiffs' and the Collective Class Members' jobs. Defendants instructed the entertainers about when, where, and how the entertainers were to perform their work.

54.     The following further facts demonstrate the Plaintiffs and the Collective Class Members' status as employees:

    a)      Defendants had the sole right to hire and fire Plaintiffs and the Collective Class Members;

    b)      Defendants provided Plaintiffs and the Collective Class Members with music equipment and a performing stage;

    c)      Defendants controlled the Plaintiffs' and the Collective Class Members' music;

    d)      Defendants supervised the Plaintiffs and the Collective Class Members; and

    e)      Defendants scheduled the times the Plaintiffs and the Collective Class Members worked, and as such had sole control over their opportunity for profit.

55.     Defendants misclassified Plaintiffs and Collective Class Members as independent contractors to avoid their obligations to pay them pursuant to the FLSA.

56.     Plaintiffs and Collective Class Members are not exempt from the minimum wage and overtime requirements provided under the FLSA.

57.     Although Plaintiffs and Collective Class Members were required to, and in fact did/do, frequently work more than forty (40) hours per workweek for Defendants, Defendants did not compensate Plaintiffs and Collective Class Members at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

58.     In fact, Plaintiffs and the Collective Class Members received no compensation whatsoever from Defendants and thus Defendants violated the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

59.     Defendants have been in the adult entertainment industry for years and are familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA, and this is now common knowledge in the industry.

60.     Despite their knowledge, Defendants' willfully, intentionally and knowingly misclassified Plaintiffs and the Collective Class Members as independent contractors and failed to pay Plaintiffs and the Collective Class Members in violation of the FLSA.  Defendants' actions were willful, intentional, done knowingly, and not based on a good faith and reasonable belief that its conduct complied with the FLSA.   Without a doubt, Defendants misclassified Plaintiffs and the Collective Class Members with the intent to avoid paying them in accordance to the FLSA.

## COUNT ONE:
## VIOLATION OF 29 U.S.C. § 206 [Failure to Pay Statutory Minimum Wages]

61.     Plaintiffs, on their behalf and on behalf of the Collective Class Members, incorporate all allegations contained in the foregoing paragraphs.

62.     Defendants' practice of failing to pay Plaintiffs and the Collective Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. §§ 206, 215. In fact, Defendants do not compensate Plaintiffs or the Collective Class Members whatsoever for any hours worked.

63.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants, Plaintiffs, or the Collective Class Members. 29 U.S.C. § 213.

**COUNT TWO:**
**VIOLATION OF 29 U.S.C. § 207 [Failure to Pay Statutory Overtime Wages]**

64.     Plaintiffs, on their behalf and on behalf of the Collective Class Members, incorporate all allegations contained in the foregoing paragraphs.

65.     Defendants' practice of failing to pay Plaintiffs and the Collective Class Members a time-and-a-half rate for hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. §§ 207, 215.

66.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one-and-one-half times the regular rate at which its employees are employed are applicable to Defendants, Plaintiffs, or the Collective Class Members.

**COUNT THREE:**
**VIOLATION OF 29 U.S.C. § 203(m) [Misappropriation of Tips and Improper Fines]**

67.     Plaintiffs, on their behalf and on behalf of the Collective Class Members, incorporate all allegations contained in the foregoing paragraphs.

68.     Department of Labor regulations define "tips," and make clear that an employer may not take or use an employee's tips for any reason other those specifically allowed under the FLSA:

A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient of the gratuity. Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool. Only tips actually received by an employee as money belonging to the employee may be counted in determining whether the person is a "tipped employee" within the meaning of the Act and in applying the provisions of section 3(m) which govern wage credits for tips.

29 C.F.R. § 531.52

69. None of the permitted uses allowed under Section 3(m) of the FLSA are applicable to the defendants here. The defendants' misappropriation of tips detailed in this complaint – by either not paying them; taking them outright; diluting them through excessive, pretextual, and/or otherwise improper fines; and/or otherwise – thus violates the FLSA.

**COUNT FOUR:**
**VIOLATION OF 29 U.S.C. § 211(c) [Failure to Keep Statutorily Required Records]**
**AND THE PLAINTIFF CLASS'S BURDEN OF PROOF.**

70. Plaintiffs, on their behalf and on behalf of the Collective Class Members, incorporate all allegations contained in the foregoing paragraphs.

71. Defendants failed to keep adequate records of Plaintiffs' and the Collective Class Members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

72. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a) The time of day and day of week on which the employees' work week begins;

b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e) The hours worked each workday and total hours worked each workweek;

f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i) The dates, amounts, and nature of the items which make up the total additions and deductions;

j) The total wages paid each pay period; and

k) The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

73. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and the Collective Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the Collective Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they

were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See*, *e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## COLLECTIVE ACTION ALLEGATIONS: 29 U.S.C. § 216(b)

74.     Plaintiffs, on their behalf and on behalf of the Collective Class Members, incorporate all allegations contained in the foregoing paragraphs.

75.     As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the Collective Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above. The defendants' actions described here were not the result of mistake or inadvertence. Willful violations of the Act carry a three-year statute of limitation. 29 U.S.C. § 255(a). "A violation is willful if the employer," as in the case of the defendants here, "'either knew or showed reckless disregard for...whether its conduct was prohibited by the statute.'"[2]

76.     The defendants were aware that the FLSA applies to their business at all relevant times and that, under the economic realities test applicable to determining employment status under those laws, they were mischaracterizing plaintiffs here and Class Members as independent contractors.

77.     Other federal courts have routinely determined exotic dancers like plaintiffs and the Class Members here to be employees, not independent contractors, in other FLSA cases for many years.

---

[2] *Ecoquij-Tzep v. Grill*, No. 3:16-CV-00625-M, 2016 WL 3745685, at *4 (N.D. Tex. July 12, 2016), citing *Singer v. City of Waco, Tex.,* 324 F.3d 813, 821 (5th Cir. 2002).

78. Despite having actual and/or constructive notice of these facts and of their own violations, the defendants here continued to intentionally misclassify the plaintiffs and Class Members here as independent contractors, failing to pay them minimum wage in violation of the FLSA, knowingly permitted and/or solicited them to work in excess of 40 hours during a workweek without paying overtime compensation at the required rate of one and one-half times the applicable regular rate, and improperly reduced their compensation through unlawful and improper fines and deductions. This conduct was willful, intentional, unlawful fraudulent, deceptive, unfair, and otherwise contrary to public policy.

79. Section 216(b) of the FLSA allows employees to bring collective actions to enforce the Act's provisions, stating in part:

> An action to recover the liability prescribed in [the FLSA] . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).

80. Here, the Collective Class Members perform or have performed the same or similar work as Plaintiffs. In particular, Plaintiffs and the Collective Class Members all worked as adult entertainers (i.e., exotic dancers) at the Club under the same conditions and subject to the same violations of the FLSA as alleged herein.

81. Like Plaintiffs, the Collective Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

82. Defendants have classified and continue to classify the Collective Class Members as independent contractors as they did Plaintiffs.

83. Like Plaintiffs, the Collective Class Members are not exempt from receiving minimum wage and/or overtime pay at the federally mandated minimum wage rate under the FLSA.

84. As such, the Collective Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

85. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Class Members.

86. The experiences of Plaintiffs with respect to their pay (or lack thereof), are typical of the experiences of the Collective Class Members.

87. The specific job titles or precise job responsibilities of each of the Collective Class Members does not prevent collective treatment.

88. All Collective Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

89. All Collective Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

90. Although the exact amount of damages may vary among Collective Class Members, the damages for Collective Class Members can be easily calculated by a common and uniform formula. The claims of all Collective Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective Class Members.

91.     Given Defendants' willful violations of the FLSA and the other facts alleged herein, this lawsuit is a proper collective action under the FLSA, and the class of similarly situated Plaintiffs is properly defined as follows:

> **The Collective Class Members are all of Defendants' current and former adult entertainers (i.e., exotic dancers) who worked at Michael's International and/or Chicas Locas at any time(s) during the three years before the date the Court approves the plaintiffs' collective action class notice, who are owed wages, tips, overtime payments, and/or other compensation unlawfully withheld and/or misappropriated by one or more Defendants in violation of the FLSA.**

## DAMAGES SOUGHT

92.     Plaintiffs and the Collective Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

93.     Additionally, Plaintiffs and the Collective Class Members are entitled to recover their unpaid overtime compensation.

94.     Plaintiffs and the Collective Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties and those tips that they were required to share with Defendants' non-tip eligible employees.  Without repayment of such fees, Plaintiffs and the Collective Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

95.     Plaintiffs and the Collective Class Members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages.  29 U.S.C. § 216(b).

## JURY DEMAND

96.     Plaintiffs and Collective Class Members hereby demand trial by jury.

# PRAYER

97.     For these reasons, Plaintiffs and the Collective Class Members respectfully request

that judgment be entered in their favor awarding the following relief:

    a.     Designation of this action as a collective action on behalf of the FLSA collective class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of this action and permitting them to assert FLSA claims in this case by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

    b.     Declaring that the defendants willfully violated their obligations under the FLSA and that Act's attendant regulations as set forth above;

    c.     Designating Prebeg, Faucett & Abbot, PLLC as Lead Counsel for the plaintiffs and the Class Members on the claims set forth in this Complaint;

    d.     Awarding the plaintiffs and Class Members all available compensatory damages and punitive damages, including, inter alia, all lost and/or misappropriated funds, wages, tips, and improperly collected fines, as well as lost overtime compensation calculated at the rate of one and one-half (1.5 times) plaintiffs' regular rate multiplied by all hours that the plaintiffs worked in excess of 40 hours per week for the past three years;

    e.     Granting plaintiffs judgment in their favor against the defendants and awarding all available compensatory damages and punitive damages, including, inter alia, all misappropriated funds, wages, tips, and improperly collected fines, lost overtime compensation calculated at the rate of one and one-half (1.5 times) plaintiffs' regular rate multiplied by all hours that the plaintiffs worked in excess of 40 hours per week for the past three years;

    f.     Awarding the plaintiffs liquidated damages in an amount equal to the amount of all owed wages and misappropriated funds and tips and unpaid overtime under the FLSA pursuant to 29 U.S.C. § 216(b);

    g.     A finding that Defendants' violations of the FLSA were willful and in bad faith;

    h.     Awarding enhanced damages for willfulness or as otherwise justified under the FLSA and/or other authority;

    i.     Awarding reasonable attorney fees and costs incurred by the plaintiffs in bringing this action;

    i.     Awarding pre- and post-judgment interest to Plaintiffs on these damages:

j.   Granting Plaintiffs leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

k.   Such other relief to which Plaintiffs and the Collective Class Members may be entitled, at law or in equity.

Respectfully submitted this 16th day of February 2017.

PREBEG, FAUCETT & ABBOTT PLLC


By: /s/ Stephen W. Abbott
   Stephen W. Abbott (Attorney-in-Charge)
   Texas Bar No. 00795933
   Southern Dist. No. 408367
   Matthew J.M. Prebeg
   Texas Bar No. 00791465
   Southern Dist. No. 603742
   Christopher M. Faucett,
   Texas Bar No. 00795198
   Southern Dist. No. 31046
   Brent T. Caldwell,
   Texas Bar No. 24056971
   Southern Dist. No. 827326

   8441 Gulf Freeway, Suite 307
   Houston, Texas 77002
   Telephone: (832) 742-9260
   Facsimile: (832) 742-9261
   Email:
   cfaucett@pfalawfirm.com
   sabbott@pfalawfirm.com
   bcaldwell@pfalawfirm.com

   **ATTORNEYS FOR PLAINTIFFS & CLASS MEMBERS**